IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KATHLEEN MCCOY                                                PLAINTIFF

vs.                          CASE NO. **5:06CV000033GH**

JO ANNE B. BARNHART,                                     DEFENDANT
Commissioner, Social Security Administration

## **ORDER**

Plaintiff, Kathleen McCoy, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Title II disability insurance benefits and Title XVI supplemental security income benefits. Both parties have submitted briefs, and the case is ready for disposition.

The Court's function on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently.

*Roberts v. Apfel,* 222 F.3d 466, 468 (8th Cir. 2000) (citations omitted).

Plaintiff filed an application for benefits in September 13, 2002, alleging disability as of August 27, 2007, due to carpal tunnel symptoms, diabetes, and neck pain (Tr. 62-64, 83, 195-198). Her claims were denied initially and upon reconsideration. Pursuant to plaintiff's request, a hearing was conducted by the Administrative Law Judge (ALJ) on January 4, 2005 (Tr. 207). . Also present and testifying were plaintiff's daughter and

Charles Turner, a vocational expert (VE).

Plaintiff was 47 years old on the date of the ALJ's decision (Tr. 14). She was a GED and past relevant work (PRW) experience in as a nurse's aide, production worker, and housekeeper (Tr.14).

The ALJ undertook the familiar five-step analysis in determining whether plaintiff was disabled.[1] Plaintiff has worked part time since 2001 and was currently working part time 2 days per week, 5 to 6 hours a day as a housekeeper. The ALJ found, however, that the plaintiff was not working at the level that constituted substantial gainful activity (Tr. 15). He found that plaintiff has bilateral carpal tunnel release, arthralgia of multiple joints; and minimal spondylotic defects at C5-6 bilaterally but that she does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 (Tr. 22).

The ALJ evaluated plaintiff's subjective allegations and complaints pursuant to the criteria set forth in *Polaski v. Heckler*, 739 F. 2d 1320 (8th Cir. 1984).[2] He found the subjective allegations not to be borne out by the overall evidence and not to be fully credible to the extent alleged (Tr. 22). The ALJ found that plaintiff had the residual functional capacity to perform a wide range of light work. This type of work involves lifting

---

[1] The five-step sequential evaluation is as follows: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether he or she has a severe and medically determinable physical or mental impairment; (3) whether the claimant may be deemed disabled because the impairment meets or equals a listed impairment in Appendix 1 to Subpart P, Title 20, Code of Federal Regulations; (4) whether the claimant is able to return to past relevant work, despite the impairment; and if not (5) whether the claimant can perform any other kind of work. 20 C. F. R. §§ 416.920 and 404.1520. *See Cox v. Barnhart*, 345 F. 3d 606, 608 n. 1 (8th Cir. 2003).

[2] These include the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and functional restrictions. *Polaski v. Heckler*, 739 F. 2d 1320, 1322 (8th Cir. 1984).

o more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; standing and/or walking with normal breaks for a total of about six hours in an 8-hour workday and siting with normal breaks for a total of about 6 hours in an eight hour workday.  She cannot perform any rapid movements with either hand, and plaintiff would have environmental limitations in the areas of not being exposed to safety hazards such as unprotected heights, and being around moving machinery and has visual acuity of 20/70 in her right eye and 20/200+ in the left (Tr. 22).

The ALJ found that plaintiff could not perform her PRW and noted that the burden shifted to the Commissioner to show that there is other work available to plaintiff that exists in significant numbers in the national economy.  The VE testified that there were light, unskilled jobs which existed in significant numbers in the national economy that plaintiff could perform such as an motel cleaner.   Therefore, the ALJ found plaintiff not to be disabled (Tr. 22).

Plaintiff requested review of the ALJ's decision.  The Appeals Council denied her request for review on January 3, 2006 (Tr. 6-8).   Plaintiff then filed this action.

Plaintiff contends that the ALJ erred in concluding that plaintiff's subjective complaints were not fully credible and that the ALJ's  finding that plaintiff had the residual functional capacity to perform light-duty work is not supported by substantial evidence.

Plaintiff complained that she has pain in her shoulder and neck  and is unable to stand for more than 30 minutes to an hour at any one time (Tr. 221).   She complained that her hands swell, become numb and tingly, and she has a loss of grip  (Tr. 215) She has pain in her legs and feet, and her legs swell (Tr. 217).  She has difficult lifting her arm and experiences pain in her shoulder (Tr. 218).

The Court cannot agree that there is not medical evidence to support plaintiff's complaints of pain. Plaintiff has a history of problems with carpal tunnel syndrome.  She received a left carpal tunnel surgical release on February 20, 2001 and a right carpal

tunnel release surgery on May 7, 2002 (Tr. 125-142).  A cervical CT scan dated September 23, 2002, indicates that there is some mild central bulging of the annulus at the C4-C5 of the intervertebral disc.  At C5-C6 there is spurring with some prominent central bulging of the annulus, with similar lesser changes at C6-C7. There was also a broad-based central disk protrusion at C5-C6, associated with some hypertrophic changes, most consistent with degenerative cervical spondylosis, with similar lesser changes at C4-C6 and C6-C7 (Tr. 147).

On October 9, 2003, plaintiff was diagnosed with arthralgia of the left shoulder and a history of arthralgia of multiple joints (Tr. 185).

The ALJ appeared to discount these medical conditions which have pain associated with them. Moreover, the ALJ appeared to completely disregard the diagnosis of tarsal tunnel syndrome which would affect plaintiff's ability to stand six hours without frequent breaks (Tr. 189).

It is clear that remand is necessary for the ALJ to reconsider plaintiff's complaints of pain.  Furthermore, the ALJ should develop the record with regard to plaintiff's tarsal tunnel syndrome.

In sum, the Court finds that the ALJ did not properly consider plaintiff's impairments, and plaintiff's subjective complaints..

THEREFORE, the Court reverses the decision of the Commission and remands the case to the Commissioner with instructions to conduct further proceedings consistent with this Order.  This is a sentence-four remand.

IT IS SO ORDERED this 8th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE

-4-